TotteN, J.,
delivered the opinion of the court.
This is an action of trespass for mesne profits; there > was judgment for defendant, and plaintiff appealed.
The case agreed shows that on the 4th of August, 1848, the defendant conveyed a house and lot in Nashville, to James W. McCombs in trust to secure the payment of certain debts. On the 21st of September, 1850, the trustee sold the lot by virtue of the deed, and the plaintiff became the purchaser, to whom the trustee made a deed on the day of sale, the plaintiff paying him the purchase money. The plaintiff demanded possession of the /lot, which -the defendant refused, and thereupon the plaintiff sued him for it in ejectment, recovered judgment, and in February, 1852, was put in possession.
In April, 1852, this suit' for mesne profits was instituted. In August, 1852, the defendant redeemed the property from said sale, according to the Acts of Assembly, 1820, eh. 11, § 2, and 1823, ch. 24, § 2.
And the question is, whether the plaintiff is entitled to mesne profits?
For the defendant it is urged, that the act of February, 1850, ch. 121, applies to the case, and that under *550 its -provisions, tbe defendant' is not liable for mesne profits. It declares “ that in all sales of land or real estate berafter to be made under execution or deed of trust, wbicb by existing law is subject to redemption, if tlie debtor is permitted by the purchaser or his assignee to remain in possession, the debtor shall not be liable for rent from the date of the sale to the time of redemption, and if the purchaser or his assignee shall tabe possession under his purchase, upon the redemption by the debtor, he shall be entitled to a credit for the fair rent of the premises, during the time they were in the possession of the purchaser.”
Now the sale was after this act became a law, and there is no question but that it expressly applies to the case.
But the deed of trust by virtue of which the sale was made, was an existing contract when the law was passed, it having been executed before that time.
And it is argued by the plaintiff’s counsel that the law operates upon the contract, that it .impairs its obligation and effect, and that it is therefore repugnant to the constitution of the United States, which provides that no law impairing the obligation of contracts shall be made. To illustrate and support this position, numerous cases are cited. Benson vs. Kinnie, 1 Howard U. S. R. 311. Gaity's lessee, vs. Ewing, 3 Howard’s R., 716. Pool vs. Young, 7 Monroe’s R., 587. Townsend vs. Townsend, Peck’s R., 1.
As to existing contracts, it is a settled doctrine, that the legislature has power over the remedy, but no power over the contract. That is secured and protected under the sanction of the constitution.
*551 Now does tbis. law operate upon the contract, or upon the remedy? We shall resolve the question by considering the nature and obligation of the contract, before the law was passed and after it was passed. ■
A mortgage says Mr. Kent, is the conveyance of an estate by way of pledge for the security of debt, and to become void on payment of it. The legal ownership is vested in the creditor, but in equity the mortgager ■remains the actual owner, until he is debarred by his own default or by judicial degree. 4 Kent Com., 133.
A deed of trust is merely a mortgage, with or without power in the trustee to sell on default of payment.
If the money be not paid _ at the maturity of the mortgage, the estate may be sold by the trustee, if the deed so provide, or by judicial decree in chancery, to raise a fund for the payment of the debt.
The beneficial interest, which the creditor has in the mortgage, consists in this fund. The sale has the same effect as sales under execution, and it vests the entire and absolute estate in the purchaser, who as owner is entitled to immediate possession, and to the enjoyment of the rents and profits of the estate. But there remains in t-he debtor an equitable right to redeem or repurchase the estate, at any time within two years from the time of the gale.
Such were the nature and effect of the mortgage before the law was passed.
But now, it is modified in this, the purchaser is not entitled to the rents and profits, if the estate be redeemed.
This law tabes from the purchaser a right and benefit which he had before, and confers upon the debtor a right and benefit, which he 'had not before under the *552 mortgage. The use, the rents, and profits for the two years limited for the redemption, are taken from the purchaser and given to the debtor.
f The effect, then, is to reduce the value of the estate to the purchaser, that is, to reduce the value of the estate in market, and of course to reduce the fund its sale will produce, which funds is the only thing in which x^the creditor has a beneficial interest under the mortgage. - ' The contract is therefore impaired to this extent, to the prejudice of the creditor, and if the estate be as it often is, an inadequate security for the debt, it is a positive loss to the creditor to the extent of the value thus \ taken from the purchaser and given to the debtor. It is no answer to say, that the purchaser takes the estate in view of the law. That is true. But as he takes a less interest, he will give less for it, and it is in this diminution of the fund, that the security is impaired, and the creditor injured.
The contract is to be construed by the laws existing at, the time it was executed, and not by laws made after its execution. Those laws that give force and effect to the contract, are Incorporated in it and form part of it. Thus the right to redeem is not stated in the deed, that provision is supplied by the law applicable to such contract.
But subsequent legislation can never be permitted, without gross violation of reason and common right, to interpolate terms and provisions on the contracts of parties, to which they did not consent.
/ As to the remedy, we do not perceive that this law has any effect upon it. The procsclure is the same, the mode of sale is the same, but it is the effect of the sale •s^that is not the same.
*553 We are of opinion then, that this law “impairs theN obligation of tlie contract” in question, and being therefore repugnant to tbe constitution, tbe law must'be held and deemed inoperative as to the said contract. Tbe sale under tbe mortgage must be construed to have tbe same force and effect as to tbe rents and profits, as if tbe law bad not been made.
As to mortgages and deeds of trust made since tbe law was passed, they will be construed and governed byi it. Eor there is no question as to the power of the State to declare tbe force and effect of future contracts made and to be executed in it.
This is an unrestricted legislative power, to be exercised at discretion for tbe public advantage. Tbe restriction is limited to contracts existing at tbe time the law is passed — as to them they are protected by the constitution, and cannot in any degree be violated — or impaired.
Let the judgment be reversed, and judgment ren-1 dered for tbe plaintiff for tbe sum stated in tbe agreed case.
Judgment reversed.